**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ACCOUNTABILITY NOW USA<br>712 H Street, N.E., #1880<br>Washington, D.C. 20002,<br><br>                Plaintiff,<br>    v.<br><br>KEVIN GRIESS<br>Superintendent<br>National Mall and Memorial Parks<br>U.S. National Park Service<br>1100 Ohio Drive, S.W.<br>Washington, D.C. 20242,<br><br>DOUG BURGUM<br>U.S. Secretary of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>            Defendants. | No. 1:26-cv-1385 (RDM) |

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(Threatened infringement of First Amendment rights)

**INTRODUCTION**

1. The U.S. National Park Service ("NPS") is threatening imminently to revoke Plaintiff's demonstration permit or to take other enforcement action against Plaintiff based on Plaintiff's display of two small signs that call attention to certain alleged sexual misconduct by President Trump and its display of a flag reading "8647." NPS has asserted that the signs are "unprotected obscenity," but there is no colorable argument that the signs are legally obscene or that the flag is a threat against the President. To the contrary, the display of those signs and that flag as part of a demonstration in a traditional public forum is protected by the First Amendment. Plaintiff seeks

declaratory and injunctive relief prohibiting NPS from revoking its demonstration permit on either of these trumped-up grounds.

## JURISDICTION AND VENUE

2. Plaintiff asserts a claim under the First Amendment to the United States Constitution. This Court has jurisdiction over this action under 28 U.S.C. § 1331. Plaintiff seeks declaratory relief under 28 U.S.C. § 2201 as well as injunctive relief.

3. Venue is proper under 28 U.S.C. § 1391(e) because the events giving rise to the claims occurred in this District and the Defendants are located in this District.

## PARTIES

4. Plaintiff Accountability NOW USA is an unincorporated association that demands accountability for the Trump administration's efforts to undermine the United States Constitution. Among other nonviolent activities, Accountability NOW, together with allied groups, maintains an ongoing demonstration in Washington, D.C., to call attention to the rise of fascism in the United States and to demand the impeachment and removal of President Trump.

5. Defendant Dr. Kevin Griess is the Superintendent of the National Mall and Memorial Parks, an administrative unit of the U.S. National Park Service. In that capacity, he is responsible for issuing, managing, and revoking permits for demonstration activities on National Park Service lands in Washington, D.C. Defendant Griess is sued in his official capacity.

6. Defendant Doug Burgum is the U.S. Secretary of the Interior. The Chief of the U.S. Park Police, an element of the National Park Service, reports directly to him under an order he issued on August 25, 2025. Defendant Burgum is sued in his official capacity.

## FACTS

7. Among other activities, Accountability NOW conducts an ongoing demonstration on public land administered by NPS at a site near the General Meade statue on the 300 block of

Constitution Avenue, N.W., at which volunteers display signs, distribute literature containing political messages, and engage in face-to-face conversations with members of the public. Volunteers maintain the demonstration twenty-four hours a day, seven days a week. This demonstration has been ongoing at this site since December 12, 2025, except for a hiatus during the "snowcrete" weather event in early 2026. Predecessor demonstrations have been ongoing since May 1, 2025, at various locations in the District of Columbia.

8.  Accountability NOW has a valid permit authorizing it to conduct its demonstration at this site, including the use of tents, tables and chairs, a portable sound system, and a portable toilet. The current permit was issued on April 13, 2026, and is valid through August 12, 2026. Accountability NOW intends to obtain another permit when the current permit expires, at the same or another location on NPS-managed land in the District of Columbia.

9.  On February 24, 2026, National Public Radio reported that the Justice Department was withholding more than 50 pages of FBI interviews with a woman who had accused Donald Trump of sexually abusing her when she was a minor. In response to such news reports, Plaintiff began displaying two new signs at its demonstration. One reads: "TRUMP RAPED LITTLE GIRLS." The other reads: "KIDS, IF YOUR PARENTS ARE MAGA, THEY LOVE CHILD RAPISTS." The display of those signs has engendered numerous conversations between volunteers and passersby regarding President Trump's behavior, morality, and fitness to continue in office. The photographs below depict these signs as they were displayed at Plaintiff's demonstration site on April 14, 2026:

 

10.  After discussions about the signs with NPS personnel, Accountability NOW received an email from NPS agent Marisa Richardson on April 14, 2026, stating:

> Here is the [*sic*] Superintendent Griess provided:
>
> Based on the photographic evidence from earlier today, the AN/FLARE first amendment permit is displaying unprotected obscenity in signs or media.
>
> This is not protected by the first amendment and is therefore prohibited and a violation of law.

11.  On April 14, 2026, Accountability NOW emailed Defendant Griess seeking clarification of NPS's position and asking, in particular, why NPS believed the signs met the legal definition of obscenity and what would happen if the signs remained on display.

12.  On April 15, 2026, Accountability NOW received the following response by email from Defendant Griess:

> Thank you for your message. We appreciate your cooperation as we work to ensure that all permitted activities remain in compliance with federal requirements.
>
> To clarify, the material displayed under your permit has been evaluated under all appropriate standards and tests and is deemed unprotected obscenity, which the Court has established is not protected by the First Amendment. This determination is supported by federal law which prohibits obscene material on federal property.
>
> Because obscenity is unlawful on federal land, we must ask that the material be removed.
>
> The National Park Service may impose and enforce permit conditions to prevent unlawful conduct, including the display of obscene materials prohibited under

federal law. All activities conducted under an NPS permit must remain lawful and in compliance with permit conditions. If a permittee chooses not to comply with a lawful direction to cease prohibited conduct, the National Park Service may take further steps as appropriate to ensure compliance.

13.  Based on these communications, Plaintiff faces a realistic and imminent threat that its demonstration permit will be summarily revoked or its signs removed if it continues to display the signs reproduced above.

14.  Based on the recent experiences of other NPS permit holders whose demonstrations were critical of President Trump, as described below, Plaintiff knows that its permit may be revoked with minimal or zero notice and that revocation may result in the destruction of its valuable property, including its tents, tables, chairs, sound equipment, and literature.

15.  On August 25, 2025, Defendant Burgum signed an order "realign[ing] the management structure of the United States Park Police (USPP) by providing that the Chief of the USPP will report to and be directly supervised by the Secretary, or his designee." Secretary's Order No. 3440, https://www.doi.gov/document-library/secretary-order/so-3440-realignment-supervision-chief-united-states-park-police. That order removed non-political NPS officials from any supervisory role over the Park Police.

16.  On September 7, 2025, the Lafayette Park Peace Vigil, which had existed for 44 years, had its permit summarily revoked and was dismantled by Park Police officers without notice. On September 24, a gold-colored statue of President Trump and disgraced financier Jeffrey Epstein holding hands and appearing to be dancing with each other, titled "Best Friends Forever," was knocked down and damaged by Park Police personnel, without notice, in the early morning darkness the day after it had been erected pursuant to a valid permit. On October 3, 2025, a permitted demonstration by FLARE (For Liberation and Resistance Everywhere) USA, which called for the impeachment and removal of President Trump, had its permit revoked and was

5

dismantled by Park Police personnel with no notice. Again, on December 11, 2025, FLARE USA had its permit revoked and its demonstration dismantled on short notice.

17.  Plaintiff's signs, reproduced above, are not legally obscene. No colorable argument can be made that they are legally obscene. Political criticism of the President is not obscene simply because it references alleged sexual misconduct.

18.  Defendants Griess and Burgum have no valid legal basis on which to assert that the signs reproduced above cannot lawfully be displayed on federal property.

19.  Defendants Griess and Burgum have no valid legal basis on which to revoke Plaintiff's demonstration permit based on its display of these signs or to remove the signs.

20.  The fact that Defendant Griess announced that the signs were "unlawful" and threatened to "take further steps as appropriate to ensure compliance" makes it likely that, if Plaintiff continues to display these signs, NPS will summarily revoke Plaintiff's permit and dismantle Plaintiff's demonstration or remove the signs with little or no notice.

21.  Plaintiff has temporarily removed the signs reproduced above in order to forestall NPS enforcement action. Plaintiff wishes to again display these signs as part of its permitted demonstration. Plaintiff reasonably fears that if it displays these signs again its permit will be summarily revoked and its demonstration forcibly broken up. Plaintiff intends to display these signs again as soon as it receives legal protection from these consequences.

22.  On May 27, a U.S. Park Police officer informed Plaintiff that the "8647" flag it had been displaying for more than two weeks was deemed a threat to the President and must be removed, and that if it was displayed again it would be deemed a violation of Plaintiff's permit. A video of that interaction is available at https://photos.app.goo.gl/jtM8Tj7sCnkS4Smg9.

23.  The photograph below shows the flag that Plaintiff was displaying:



24.  The flag depicted above is not a threat to the President. It is commercially available and is widely understood as expressing the view that the President should be removed from office by lawful means. In the context of Plaintiff's demonstration, that is the only reasonable way to understand it.

**CLAIM FOR RELIEF**
Threatened Violation of First Amendment Rights

25.  Defendants' threat to revoke Plaintiff's demonstration permit and/or remove Plaintiff's signs or flag if Plaintiff continues to display the signs or flag reproduced above poses an imminent threat to Plaintiff's ability to engage in its chosen, lawful expressive activity on federal land in the nation's capital.

26.  The revocation of Plaintiff's demonstration permit, or the seizure or destruction of its property, based on its display of the signs or flag reproduced above would violate Plaintiff's rights under the First Amendment to the U.S. Constitution.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff asks the Court to grant it relief, as follows:

A.  DECLARE that the signs reproduced above are not legally obscene and that the flag reproduced above is not a threat to the President;

7

B.  DECLARE that its display of the signs and flag reproduced above, in a traditional public forum pursuant to a valid demonstration permit, is protected by the First Amendment;

C.  ENJOIN Defendants Griess and Burgum, and all persons acting in concert with them or under their supervision and control, from revoking Plaintiff's demonstration permit or seizing or destroying its property based on its display of the signs or flag reproduced above;

D.  ORDER Defendants Griess and Burgum, and all persons acting in concert with them or under their supervision and control, to provide Plaintiff and its undersigned counsel with a minimum of two full business days' advance notice of any revocation of Plaintiff's demonstration permit for any reason or of any removal or destruction of Plaintiff's signs or flag;

E.  AWARD to Plaintiff its reasonable costs and attorneys' fees;

F.  GRANT such other and further relief as the Court may find just and proper.

May 27, 2026                                    Respectfully submitted,

*Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Laura K. Follansbee (D.C. Bar No. 1782046)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
  OF THE DISTRICT OF COLUMBIA
529 14th Street, N.W., Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
lfollansbee@acludc.org
ashah@acludc.org

*Counsel for Plaintiff**

---

* Counsel wish to express their appreciation to ACLU-D.C. paralegal Ameerah Adetoro for her assistance in the preparation of this lawsuit.

8