**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ACCOUNTABILITY NOW USA

               Plaintiff,

   v.

KEVIN GRIESS, *et al.*,

               Defendants.

No. 1:26-cv-1385 (RDM)

**APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff hereby applies for a temporary restraining order to prevent Defendants from taking enforcement action against them because of their display of a flag with the legend "8647."

Plaintiff respectfully requests that this application be heard tomorrow (May 28) at 3:00 p.m., at the time this Court has already set for a scheduling conference in this case. Defendants' counsel has indicated that Defendants will convey their position on this application by COB today.

At approximately 5 a.m. today (May 27), sixteen hours after Plaintiff filed its motion for a preliminary injunction, four cars of U.S. Park Police officers pulled up to Plaintiff's demonstration site near the General Meade statue on the 300 block of Constitution Avenue, N.W. One officer approached the volunteer on duty and, reading from a clipboard,  announced: "18 U.S. Code 8741 Threats against the President. Right now, we're looking at the 8647 as a threat against the President. Can I ask you to take it down please? The sign here?" After it was taken down, he said "Thanks so much. And please refrain from putting it back up. If it comes back up we'll be by here again, OK, and then it will be a violation of the permit." A video of that interaction is available at https://photos.app.goo.gl/jtM8Tj7sCnkS4Smg9.

The photograph below shows the flag that Plaintiff was displaying:



Plaintiff has been displaying this flag for more than two weeks. On May 12, two Secret Service officers inquired about it and after being assured that it was part of Plaintiff's message calling for the impeachment and removal of President Trump, departed without complaint. The flag is commercially available from Amazon.com, which is where Plaintiff obtained it, as are flags with many other designs displaying the same message. See https://www.amazon.com/s?k=8647+flag&crid=2RKVB692ORO2C&sprefix=8647+Flag%2Cap s%2C129&ref=nb_sb_ss_p13n-expert-pd-ops-ranker_ci_hl-bn-left_1_9.

Plaintiff's display of this popular flag is not a threat against the President within the meaning of 18 U.S.C. § 8741. In fact, there is no section 8741 of the United States Code. Presumably the Park Police officer intended to say 18 U.S.C. § 871, which does prohibit threats against the President. But Plaintiff's display of its flag is not a threat within the meaning of that statute because it is not a threat at all. As Merriam-Webster explains, "*Eighty-six* is slang meaning 'to throw out,' 'to get rid of,' or 'to refuse service to.' It comes from 1930s soda-counter slang meaning that an item was sold out." *Eighty-six*, Merriam-Webster, https://www.merriam-webster.com/wordplay/eighty-six-meaning-origin (last visited May 27, 2026).

Even if "8647" could be deemed a threat in some other context, it is clear that in the present context it is core political speech protected by the First Amendment, as Supreme Court case law makes clear.

In *Watts v. United States,* 394 U.S. 705 (1969), the defendant was prosecuted for saying, "if they ever make me carry a rifle the first man I want in my sights is L.B.J." *Id*. at 706. In context—which was a public demonstration against the War in Vietnam—the Court found it clear that this "political hyperbole" was not a "true threat" *Id*. at 708.

Similarly, in *Rankin v. McPherson,* 483 U.S. 378 (1987), the Court held that a Deputy Constable's remark, after hearing of the attempted assassination of President Reagan, "if they go for him again, I hope they get him," "plainly dealt with a matter of public concern" and was protected political speech. *Id*. at 380, 386.

As in *Watts* and *Rankin,* Plaintiff's display of an 8647 flag in the context of its ongoing, peaceful demonstration calling for the impeachment and removal of President Trump, cannot be understood as anything but a call for the President's removal. It would be entirely unreasonable to view it in any other way. And the timing of Defendants' action, coming just sixteen hours after Plaintiff filed its motion for a preliminary injunction in this case, after Plaintiff had been displaying this flag for more than two weeks, strongly suggests retaliation against Plaintiff's decision to protect its rights in court.

Defendants' warning that if the flag is put back up, "it will be a violation of the permit," is an actionable violation of Plaintiff's First Amendment rights. As the Supreme Court explained just last month, a First Amendment injury "[o]ccurs not just when a demand is enforced, but when it is made and for as long as it remains outstanding." *First Choice Women's Res. Centers, Inc. v. Davenport*, 608 U. S. ___, 146 S. Ct. 1114, 1125 (2026).

"Motions for TROs and preliminary injunctions are governed by the same standard." *Smith v. Fin. Indus. Regul. Auth., Inc.,* 2025 WL 985447, at *2 (D.D.C. Apr. 2, 2025). Briefly, a party "must show that (1) it 'is likely to succeed on the merits'; (2) it 'is likely to suffer irreparable harm in the absence of preliminary relief'; (3) 'the balance of equities tips in [its] favor'; and (4) the issuance of [relief] 'is in the public interest.'" *Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*, 121 F.4th 1314, 1324 (D.C. Cir. 2024) (quoting *Changji Esquel Textile Co. Ltd. v. Raimondo*, 40 F.4th 716, 721 (D.C. Cir. 2022)).

Plaintiffs are likely to succeed on the merits for the reasons explained above. Their ongoing injury is irreparable, because "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Mahmoud v. Taylor,* 606 U.S. 522, 569 (2025); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (same). And the balance of equities and the public interest weigh in Plaintiff's favor, because "there is always a strong public interest in the exercise of free speech rights otherwise abridged by an unconstitutional' government action." *Media Matters for Am. v. Paxton,* 138 F.4th 563. 585 (D.C. Cir. 2025) (quoting *Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016)). Indeed, as Judge Leon noted earlier this month, "protecting the freedom of speech is 'always' in the public interest." *L.C. v. Trump*, 2026 WL 1329750, at *12 (D.D.C. May 13, 2026) (quoting *Pursuing Am.'s Greatness*, 831 F.3d at 511). Conversely, "the government 'cannot suffer harm from an injunction that merely ends an unlawful practice,'" *Susman Godfrey LLP v. Exec. Off. of President*, 789 F. Supp. 3d 15, 57 (D.D.C. 2025) (quoting *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015)), *appeal pending*, No. 25-5310 (D.C. Cir. argued May 14, 2026); "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).

## CONCLUSION

For the foregoing reasons, this Court should grant this application and enter the attached proposed order.

May 27, 2026                                    Respectfully submitted,


                                                /s/ Arthur B. Spitzer
                                                Arthur B. Spitzer (D.C. Bar No. 235960)
                                                Aditi Shah (D.C. Bar No. 90033136)
                                                Laura K. Follansbee (D.C. Bar No. 1782046)
                                                AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                                  OF THE DISTRICT OF COLUMBIA
                                                529 14th Street, N.W., Suite 722
                                                Washington, D.C. 20045
                                                (202) 457-0800
                                                ashah@acludc.org
                                                lfollansbee@acludc.org
                                                aspitzer@acludc.org

                                                *Counsel for Plaintiff*