**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ACCOUNTABILITY NOW USA<br><br>             Plaintiff,<br>    v.<br><br>KEVIN GRIESS, *et al.*,<br><br>             Defendants. | No. 1:26-cv-1385 (RDM) |

**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL FILING**

Defendants' supplemental filing fails to offer any information that is meaningfully new or different, or that supports the proposition that they made any effort to determine whether *Plaintiff's* 8647 flag, as opposed to some other use of the phrase 8647 by some other person at some other time and place, was a threat. Almost every detail in Defendants' filing simply repackages the declaration submitted yesterday by Secret Service Deputy Director Quinn in support of Defendants' opposition to Plaintiff's TRO application.

In particular, Defendants provide no new facts to support the assertion that they made any effort to assess the context in which Plaintiff displayed its 8647 flag, namely a peaceful, permitted, political demonstration, where Plaintiff's volunteer made clear to Secret Service officers that the statement was intended to convey only that President Trump should be impeached and lawfully removed from office, and where large signs explicitly stated "IMPEACH. CONVICT. REMOVE." One such sign can be seen in the following screen grab, which is from the already-filed video of the first visit by Secret Service officers, at about 1:02, as the officers were leaving:

1



*See Watts v. United States*, 394 U.S. 705, 708 (1969) (emphasizing the context of the defendant's speech to determine whether it was a true threat against the President); *Virginia v. Black*, 538 U.S. 343 (2003) (holding that even a burning cross cannot constitutionally be deemed a threat unless other evidence so establishes).

Nor do Defendants dispute any of the facts regarding the May 12, 2026, Secret Service encounter, the video recording of which shows Plaintiff's volunteer expressly informing the Secret Service officers that the 8647 flag stood for "[no]thing other than Trump shouldn't be in office," and that she hopes he will "live forever and rot in jail where he belongs." ECF 15 at 1-2. Defendants offer no explanation or basis for their assertion that "[t]he decision to remove the '86-47' flag was made without knowledge that the flag was part of the demonstration by Accountability Now." ECF 16 at 2. That assertion is not credible: the only reason the Secret Service and the Department of the Interior are even aware of Plaintiff's 8647 flag is the interaction Secret Service officers had with Plaintiff's volunteer on May 12 *at Plaintiff's demonstration site*. The officers referred to the flag when they explained the reason for their

visit: "we received a phone call because of the flag, in fact the 86 47 and what it can stand for."

Transcript of first visit, ECF 15 at 2.

The fact that the "Secret Service has investigated or is currently investigating over 1,300 instances of individuals using '86-47,'" Defendants' Supplemental Filing at 2 (ECF 16) shows commendable diligence, and also shows beyond a doubt that the vast majority of such uses are not true threats. Notably, Defendants do not point to a single arrest of a person for simply using that phrase, much less 1,300 arrests.

*    *    *

At about 11:30 a.m. this morning, minutes before Plaintiff filed its supplement, another National Park Service ("NPS") ranger came by Plaintiff's demonstration site to take photos. *See* Fourth Declaration of Anita Carey. Given that such photography by NPS did not occur before Plaintiff filed its motion for a preliminary injunction in this lawsuit, Plaintiff is all the more concerned that Defendants are looking for excuses to suppress Plaintiff's free speech rights. It accordingly asks this Court to enter the revised proposed order granting its TRO application that was attached to its supplemental filing (ECF 15-2).

May 29, 2026

Respectfully submitted,

*/s/ Arthur B. Spitzer*
Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah (D.C. Bar No. 90033136)
Laura K. Follansbee (D.C. Bar No. 1782046)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
  OF THE DISTRICT OF COLUMBIA
529 14th Street, N.W., Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
ashah@acludc.org
lfollansbee@acludc.org

*Counsel for Plaintiff*

3