**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ACCOUNTABILITY NOW USA<br><br>          Plaintiff,<br><br>     v.<br><br>KEVIN GRIESS, *et al.*,<br><br>          Defendants. | No. 1:26-cv-1385 (RDM) |

**MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Pursuant to Fed. R. Civ. P. 65(b)(2), Plaintiff hereby moves for an extension of the temporary restraining order that was issued in this case on June 1, 2026 (ECF 21) for an additional 14 days, through and including June 29, 2026. Defendants oppose the requested extension.

Fed. R. Civ. P. 65(b)(2) provides that a temporary restraining order expires not more than 14 days after entry, but that "the court, for good cause, [may] extend[] it for a like period."

Good cause for an extension exists here. This Court has already found, on a record that included evidence submitted by both sides and after hearing oral argument, that Plaintiffs are likely to succeed on their First Amendment claim regarding the display of an "8647" flag, that they will suffer irreparable injury in the absence of immediate relief, and that the balance of equities and the public interest favor granting relief. Nothing has happened between June 1 and today to change that assessment.

Plaintiff has now filed a renewed motion for a preliminary injunction (ECF 27), but the parties' agreed briefing schedule on that motion will not close until June 24, which is after the current temporary restraining order expires on June 15. For the same reasons that persuaded the Court to issue the current temporary restraining order, and also to enable the Court to consider the parties' briefs and rule on the pending motion for a preliminary injunction before Plaintiff is left

without the protection that the Court found necessary to provide, the temporary restraining order should be extended through June 29.[*]

The attached proposed order would expand the existing TRO in two ways:

First, it would apply not only to the particular flag depicted in Plaintiff's earlier filings but also to other flags, signs, or banners containing the phrase "8647." As explained in the Fifth Carey Declaration (ECF 27-1), Plaintiff's demonstration includes more than one flag and sign with that legend.

Second, it would require Defendants to give Plaintiff two business days' notice before revoking their demonstration permit for any other purported reason. As explained in Plaintiff's earlier filings and in the renewed motion for a preliminary injunction, Defendants' recent activities at Plaintiff's demonstration site, and their previous actions regarding other demonstrations, provide Plaintiff with a reasonable basis to fear that Defendants are looking for some ground on which to revoke its permit and dismantle its demonstration without notice. Two business days' notice would enable Plaintiff to seek emergency relief from this Court should that become necessary.

June 11, 2026                                  Respectfully submitted,

                                               /s/ Arthur B. Spitzer
                                               Arthur B. Spitzer (D.C. Bar No. 235960)
                                               Aditi Shah (D.C. Bar No. 90033136)
                                               Laura K. Follansbee (D.C. Bar No. 1782046)
                                               AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                                 OF THE DISTRICT OF COLUMBIA
                                               529 14th Street, N.W., Suite 722

---

[*] Fed. R. Civ. P. 6(1)(A) provides that when computing time, "[w]hen the period is stated in days," the court should "exclude the day of the event that triggers the period." Rule 6(1)(C) further provides that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, the first day of computation for the existing TRO is June 2 and the 14th day is Monday, June 15. Alternatively, even if the first day is June 1 and the 14th day is Sunday, May 14, the TRO will still extend through Monday, June 15. Either way, a 14-day extension would last through Monday, June 29.

Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
ashah@acludc.org
lfollansbee@acludc.org

*Counsel for Plaintiff*