**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ACCOUNTABILITY NOW USA,

     *Plaintiff*,


     v.

KEVIN GRIESS, *Superintendent of the National Mall and Memorial Parks*, *et al.*,

     *Defendants*.

Civil Action No. 26-1385 (RDM)

## ORDER

Pending before the Court is Plaintiff's Motion to Extend the existing Temporary Restraining Order ("TRO"), Dkt. 28.  Plaintiff represents that Defendants oppose the requested extension, Dkt. 28 at 1, although Defendants have not filed a brief in opposition.  The existing TRO, Dkt. 21, expires at the end of the day on June 15, 2026.  Fed. R. Civ. P. 6(a)(1)(A), (C). The Court concludes that "good cause" exists for an extension of the TRO for an additional 14 days.  *See* Fed. R. Civ. P. 65(b)(2).

For the reasons explained in the Court's memorandum opinion, Dkt. 20, and based on the record currently before the Court, Plaintiff has carried its burden of demonstrating that interim relief is warranted.  At least on the current record, the Court is persuaded that Plaintiff's "8647" flag constitutes protected speech, does not pose a true threat to the President or to anyone else, and is not incitement to violence.  It follows that Plaintiff is likely to prevail on the merits of its claim that the National Park Service's ("NPS") admonition that Plaintiff must either remove the flag or face revocation of its demonstration permit violated the First Amendment.  Dkt. 20 at 9– 17.  Plaintiff has also shown that it is likely to suffer *per se* irreparable harm in the absence of

interim relief. *Id.* at 18–19. Moreover, because a reasonable observer would understand that the flag advocates for President Trump's impeachment and removal from office and not for any form of violence, the Court is persuaded that the balance of equities and the public interest also favor Plaintiff. *Id.* at 19–20. Notably, it is only the government—and certainly not Plaintiff—that has even suggested that the flag might reasonably be understood as a call for violence. *See generally* Dkt. 13-1 (Quinn Decl.). That characterization ignores the relevant context and Plaintiff's clear disavowals. *See generally* Dkt. 20 at 9–17; Dkt. 10-2 at 1–2 (2d Carey Decl. ¶¶ 3–6); Dkt. 15 at 2–3. The parties have not raised any changed circumstances that necessitate revisiting these determinations.

An extension is further warranted to preserve the status quo while the parties complete briefing Plaintiff's renewed motion for a preliminary injunction, Dkt. 27, which is set to conclude on June 22, 2026, *see* Min. Order (June 4, 2026), after the existing TRO will expire. An extension will permit the Court to consider the parties' briefs and to render a decision on the recently filed motion for preliminary injunction without interruption or intervening developments.

In light of intervening events, Plaintiff also requests that the Court "expand the existing TRO" to enjoin the revocation of Plaintiff's demonstration permit based on its display of similar materials. Dkt. 28 at 2. In particular, as part of its ongoing demonstration near the George Meade Statue on Constitution Avenue, Plaintiff is now displaying a sign that reads "SIGN OUR DECLARATION OF SUPPORT" and "CONVICT. REMOVE." and that depicts an anthropomorphic raccoon, surrounded by a tree and flowers, holding a petition and waving an "8647" flag. Dkt. 27-1 at 1 (5th Carey Decl. ¶ 3). Plaintiff is also displaying a new flag, which is very similar to the flag addressed in the Court's prior opinion. This flag is also red, white, and

blue and star-spangled and includes the "8647" insignia, but it also contains the phrase

"IMPEACH TRUMP" beneath that insignia.  *Id.* at 2 (5th Carey Decl. ¶ 5).

Having reviewed these new displays and the context in which they are displayed, the

Court concludes that, like the flag addressed in the Court's prior opinion, these new displays are

not reasonably construed as calls for violence and, instead, merely advocate for President

Trump's impeachment and removal from office.  Indeed, if anything, they add further context

that supports Plaintiff's contention that the message at issue constitutes core political speech.  As

the Court has previously emphasized, context matters, and in the present context, no reasonable

observer would conclude that the displays at issue constitute true threats—that is, statements that

"convey a real possibility that violence will follow," *Counterman v. Colorado*, 600 U.S. 66, 74

(2023), or incitement—that is, words "directed [at] producing *imminent* lawless action *and* [that

are] likely to incite or produce such action," *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969) (per

curiam) (emphasis added).

The Court is, accordingly, persuaded that Plaintiff is likely to prevail and that any

direction from the NPS to remove these items under threat of revocation of Plaintiff's

demonstration permit is likely unconstitutional.  Moreover, for the reasons explained in the

Court's memorandum opinion, Dkt. 20 at 18–20, Plaintiff is also likely to suffer irreparable

injury due to even a temporary restriction on its ability to display the raccoon sign and the

"8647" flags, and the balance of hardships and the public interest tip in favor of granting interim

relief.[1]

---

[1] Plaintiff also requests that the Court order "Defendants to give Plaintiff two business days' notice before revoking their demonstration permit for any other purported reason" because "Defendants' recent activities at Plaintiff's demonstration site . . . provide Plaintiff with a reasonable basis to fear that Defendants are looking for some ground on which to revoke its permit and dismantle its demonstration without notice."  Dkt. 28 at 2.  At this juncture, the Court

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for an extension of the temporary restraining order, Dkt. 28, is **GRANTED**; it is further

**ORDERED** that Defendants, their agents and employees, and all persons acting in concert with them, are hereby **RESTRAINED**, for 14 days from the date of this Order, from revoking Plaintiff's demonstration permit as a result of Plaintiff's display of its two "8647" flags and its additional display of the above-referenced sign, or otherwise ordering the removal or seizure of these three displays.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  June 15, 2026
Time:  8:28 a.m.

---

is unpersuaded that such prophylactic relief is necessary.  In short, the Court cannot issue relief based on a presumption that Plaintiff will likely succeed in challenging even a brief permit revocation without knowing the reason for the revocation.  To the extent that Plaintiff seeks protection from a *pretextual* permit revocation that is actually "a result of" Plaintiff's two flags and the raccoon sign, the Court simply notes that its existing orders already enjoin such conduct, and any official taking such a pretextual action would do so at his or her peril.

4