**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| ACCOUNTABILITY NOW USA<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KEVIN GRIESS, *et al.*,<br><br>　　　　　Defendants. |

No. 1:26-cv-1385 (RDM)

**MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' SURREPLY**

Plaintiff respectfully moves for leave to file a short response to Defendants' surreply. The proposed response is attached. Pursuant to Local Civil Rule 7(m), Plaintiff's counsel conferred with Defendants' counsel about this motion. Defendants "take no position because [Defendants] have not seen the proposed filing."

Courts have discretion to allow parties to submit supplemental briefing. *See, e.g.*, *Tatneft v. Ukraine*, 21 F.4th 829, 835 (D.C. Cir. 2021) ("We review the district court's denial of supplemental briefing for abuse of discretion."); *see also Ying Qing Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014) ("The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court."). Courts in this District regularly permit moving parties to file responses to surreplies or responses to supplemental briefing submitted by the non-moving party. *See, e.g.*, *Health All. Hosps., Inc. v. Burwell*, 130 F. Supp. 3d 277, 283 n.1 (D.D.C. 2015) ("The Court shall also grant Defendant's Motion for Leave to File Response to Sur–Reply."); *Escobar Molina v. Department of Homeland Security*, No. 25-3417 (BAH), March 13, 2026 Minute Order (entering schedule proposed by parties to govern supplemental briefing that permitted plaintiffs to file a reply in support of their supplemental brief where plaintiffs were moving party); *id.* ECF 61,

Tr. of November 19, 2025, Motion Hearing at 102:17-22 (permitting plaintiffs opportunity to respond to defendants' supplemental legal arguments where plaintiffs were moving party).

Plaintiff's request is appropriate because the proposed response is offered to respond to new arguments Defendants raise in their surreply. It is particularly appropriate given that as the moving party bearing the burden, it usually "gets the last word." *Harrington v. Sec'y of State*, 2019 WL 13128386, at *2 (D.D.C. May 14, 2019); *see also Crystal Tones, LLC v. Pyromatics Coproration*, 2025 WL 2962597, at *1 (D. Utah Oct. 20, 2025) ("The moving party always gets the last word on a motion, that is just the system we have always followed."); *SFF-TIR, LLC v. Stephenson*, 2020 WL 1847680, at *2 (N.D. Okla. Apr. 13, 2020) (granting plaintiffs leave to file a response to defendants' surreply and noting that "[i]n the normal course, [p]laintiffs, as movants, are permitted the last word in the form of a reply"); *In re Large Scale Biology Corp.*, 2007 WL 2859782, at *1 (Bankr. E.D. Cal. Sept. 25, 2007) ("[T]he rules of this court, indeed, the law and motion rules of most courts, permit the moving party, not the respondent, to have the last word.").

For these reasons, the Court should grant Plaintiff leave to file the attached response. A proposed order is attached.

June 25, 2026

Respectfully submitted,

*/s/ Aditi Shah*
Aditi Shah (D.C. Bar No. 90033136)
Arthur B. Spitzer (D.C. Bar No. 235960)
Laura K. Follansbee (D.C. Bar No. 1782046)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
  OF THE DISTRICT OF COLUMBIA
529 14th Street, N.W., Suite 722
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
aspitzer@acludc.org
lfollansbee@acludc.org

*Counsel for Plaintiff*

2