**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ACCOUNTABILITY NOW USA,

                Plaintiff,

    v.

KEVIN GRIESS, *et al.*,

                Defendants.

No. 26-cv-1385 (RDM)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SURREPLY**

Defendants make four points in their surreply. Plaintiff responds briefly to each.

1 and 2. Defendants are correct that Plaintiff surmised, based on a comment to the media by an Interior Department spokesperson "[i]n response to a news report on the filing of this lawsuit, . . . that Defendants may argue that Plaintiff's signs are obscene as to minors." Pl.'s Renewed Mot. for Prelim. Injunc. (ECF 27) at 14-15. Plaintiff has not argued that Defendants cannot claim that the rape signs are obscene as to minors. In Plaintiff's view, it is immaterial whether Defendants claim the signs are obscene as to adults and/or to minors, as they are not obscene as to anyone. Should this case proceed, Plaintiff reserves the right to explore the question whether the Park Service told Plaintiff to remove its signs based on a conclusion that they were obscene as to minors.

3. Defendants claim that Plaintiff forfeited its right to argue that there is no law Plaintiff's signs would violate because Plaintiff raised that argument for the first time in its reply. That is factually incorrect. Both the Complaint and the Amended Complaint allege that Defendants "have no valid legal basis on which to assert that the signs reproduced above cannot lawfully be displayed on federal property." Compl. (ECF 1) ¶ 18; Amended Compl. (ECF 9) ¶ 18.

Defendant Griess's email of April 15, in which he threatened "further steps to ensure

compliance" if Plaintiff did not remove its signs, never identified any law that the signs allegedly violated, referring only to "federal law which prohibits obscene material on federal property." Amended Compl. at ¶ 12. Defendants only identified the purported laws for the first time in their opposition to Plaintiff's renewed motion for a preliminary injunction. Defs.' Opp. (ECF 31) at 3. Plaintiff was entitled to respond by showing that the laws which had just been identified did not, in fact, prohibit Plaintiff's speech. That is what Plaintiff did in its reply. Reply (ECF 34) at 3-4. It is elementary that a party "may, in a reply brief, respond to arguments raised for the first time in [the opposing party's] brief." *United States v. Powers*, 885 F.3d 728, 732 (D.C. Cir. 2018) (internal quotation marks and citation omitted).

In any event, if a moving party "raises arguments for the first time in [its] reply to the non-movant's opposition, the Court may either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Ying Qing Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014). Here the Court permitted Defendants to file a surreply, and they have done so, addressing the argument they claim was forfeited. They have therefore cured any unfairness. *See also* Defs.' Surreply (ECF 36) at 4 (conceding that "the opportunity for a surreply can alleviate concerns with unfairness").

4. Finally, Defendants argue that they do have statutory authority to prohibit Plaintiff's signs. Their arguments are unpersuasive.

The only federal law Defendants rely on is an NPS regulation that prohibits "disorderly conduct" such as "us[ing] language . . . or engag[ing] in a display or act that is obscene" *only if* it is done "with intent to cause public alarm, nuisance, jeopardy or violence, or knowingly or recklessly creating a risk thereof." 36 C.F.R. § 2.34(a). Defendants do not explain how Plaintiff's display of these small signs at its peaceful demonstration repeating publicly reported allegations

2

of sexual misconduct against the President constituted disorderly conduct or how Plaintiff possessed any "intent to cause public alarm" or "recklessly create[d] a risk thereof." 36 C.F.R. § 2.34(a). Nor have they produced (or even claimed to have) any evidence that public alarm occurred during the time Plaintiff's signs were on display. Their suggestion that this regulation applies to Plaintiff's signs simply because its signs are (in their view) obscene for minors and it "is apparent that families with minors are likely to encounter the speech," Surreply at 4, sweeps so broadly as to erase the *mens rea* requirement in the regulation—let alone its purpose to target alarming or dangerous disorderly conduct, rather than speech the government dislikes. As Plaintiff argued in its reply, and as Defendants did not rebut in their surreply, Plaintiff "created no public alarm, nuisance, jeopardy or violence" when it displayed the signs, Defendants have not asserted at any point that they did, and "[t]here is not a smidgen of evidence" that could show that Plaintiff acted with the requisite intent, knowledge, or recklessness. Reply at 3.

Defendants' arguments regarding D.C. Code § 22-2201(b)(1) are far-fetched. To violate that statutory provision, a person must "sell, deliver, distribute, or provide to a minor" material that "contains explicit and detailed verbal descriptions or narrative accounts of sexual excitement, sexual conduct, or sado-masochistic abuse." *Id.* at § (b)(1)(A)(ii). How Defendants purport to find such content in Plaintiff's signs is a mystery they do not try to solve. Instead, Defendants urge that *Lakin v. United States*, 363 A.2d 990 (D.C. 1976),[1] somehow interpreted the statute to criminalize any material that could be found obscene as to minors under *Miller v. California*, 413 U.S. 15 (1973). Surreply at 5. But *Lakin* interpreted a *different* statutory provision (D.C. Code § 22-2201(a)) that contains materially different language, making it unlawful "to sell, deliver, distribute,

---

[1] Defendants cite *Lakin* as "D.C. Cir. 1976," Surreply at 5, but that is erroneous. It is a D.C. Court of Appeals case.

or provide . . . any obscene, inde[cent], or filthy writing, picture, sound recording, or other article or representation." 363 A.2d at 993, n.1. *Lakin* upheld that statute against a vagueness challenge, relying upon *Miller*. *See id*. at 995. The suggestion that a 1976 case interpreting *different statutory language* should govern and supersede the plain language of § 22-2201(b)(1)(A)(ii), which requires explicit and detailed verbal descriptions or narrative accounts that Defendants concede Plaintiff's signs do not have, Surreply at 5, is unpersuasive.[2]

For these reasons and those discussed in the earlier filings, Plaintiff's renewed motion for a preliminary injunction should be granted.

June 25, 2026

Respectfully submitted,

*/s/ Aditi Shah*
Aditi Shah (D.C. Bar No. 90033136)
Laura K. Follansbee (D.C. Bar No. 1782046)
Arthur B. Spitzer (D.C. Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
   OF THE DISTRICT OF COLUMBIA
529 14th Street, N.W., Suite 722
Washington, D.C. 20045
(202) 457-0800
ashah@acludc.org
lfollansbee@acludc.org
aspitzer@acludc.org

*Counsel for Plaintiff*

---

[2] Defendants do not argue that the D.C. Code provision actually interpreted in *Lakin*, "[i]t shall be unlawful in [D.C.] for a person knowingly . . . [t]o sell, deliver, distribute, or provide, or offer or agree to sell, deliver, distribute, or provide any obscene, indecent, or filthy writing, picture, sound recording, or other article or representation," § 22-2201(a), applies to Plaintiff's signs. Although they invoke § 22-2201 generally in their opposition, Defs.' Opp. at 3, they never argue that Plaintiff's signs are obscene as to anyone but minors. Even if Defendants made such an argument, it would be futile: even if displaying signs at a peaceful, political demonstration could constitute "provid[ing]" a "writing"—a dubious proposition—Plaintiff's signs are not obscene under *Miller* for the reasons explained in its opening motion.